CAMILLE M. ABATE, ESQ.
ATTORNEY AT LAW

———•○•———

Of Counsel, Nicholas Goodman & Associates
333 Park Avenue South, Suite 3A, New York, NY 10010
TEL: (212) 227-9003 • FAX: (212) 937-2112
c.abate71@gmail.com

April 25, 2023

VIA ECF

Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.** 04/27/2023

Any pretrial motions shall be submitted by May 11, 2023.

**Re: *United States v. Nykem Alston*, 22 Cr. 517 (VSB)
Request for Enlargement of Time to File Motions**

Dear Judge Broderick:

    Pretrial motions in the instant case are currently due on Friday, April 28, 2023. Due to unexpected circumstances that were beyond my control, I respectfully request that my deadline to file motions be extended to May 11, 2023.

    On March 10, 2023, I visited Mr. Alston at the Westchester County Correctional Facility in Valhalla, New York, to go over the discovery with him. Unfortunately, due to an issue at the jail, I was only able to spend about 45 minutes with him at that time. However, I was informed that the facility had the technology to play flash drives in the computers available to the inmates. Therefore, the next day I purchased and mailed to Mr. Alston a flash drive containing all the available discovery. We had agreed that I would give him 2-3 weeks to review it, and then I would return to discuss the case and the possible motions available to us.

    Three weeks later, on April 4, I received a voicemail from one of the officers at the prison, informing me that they did not allow flash drives to be mailed to inmates, and moreover that they did not allow defense attorneys to mail any sort of computer drive to an inmate. The only way Mr. Alston could receive his discovery was for the United States Attorney's Office to mail the discovery to Mr. Alston.

    I promptly forwarded this voicemail to AUSA Jacob Fiddelman and asked him to provide the discovery to Mr. Alston. Unfortunately, Mr. Fiddelman was on trial and it was not till April

10 that Mr. Fiddelman was able to deal with this matter and informed me that the jail did not take discs, but only hard drives. I needed to provide a hard drive for him to upload the discovery and then he would promptly mail it to Mr. Alston. I immediately ordered a hard drive from Amazon.com and arranged to have it delivered overnight to the government.

     I believed that this was finally taken care of, and on April 20 I prepared to return to Valhalla, and emailed Mr. Fiddelman to confirm that he had mailed the discovery to Mr. Alston. It was then that I found out that he never received the hard drive. I checked my Amazon orders and found that, in the 10 days after it was sent, somehow the hard drive went missing. It had been sent out but then my money was refunded, unbeknownst to me, eight days later.

     These unexpected stumbling blocks have prevented me from necessary communication on essential matters pertaining to the pretrial motions with Mr. Alston. I apologize for the length of this letter, but I did want the Court to know the details of why two plus months was insufficient for me to file pretrial motions. I expect that I will be able to have a substantive conversation with Mr. Alston by the end of next week, and then prepare my motions and submit them by May 11.

     I have spoken with Mr. Fiddelman and he consents to the enlargement of time.

                                                Sincerely,

                                                *Camille M. Abate*

                                                Camille M. Abate, Esq.

cc:      AUSA Jacob Fiddelman (via ECF)