U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September

> **APPLICATION GRANTED**
> **SO ORDERED** [signature]
> **VERNON S. BRODERICK**
> **U.S.D.J.** 09/15/2023
>
> The *Fatico* hearing scheduled for September 21, 2023 is hereby adjourned. The Sentencing for Mr. Alston is scheduled for Friday, November 17, 2023 at 2:00 PM.

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Nykem Alston*, 22 Cr. 517 (VSB)

Dear Judge Broderick:

Both parties to the above-captioned case jointly respectfully submit this letter to advise the Court that the parties have resolved the factual dispute underlying the anticipated *Fatico* hearing in this case and have reached agreement as to the correct calculation of the Sentencing Guidelines. Accordingly, a *Fatico* hearing is no longer necessary.

Specifically, the parties stipulate that the shooting committed by the defendant on May 9, 2022, constituted attempted murder in the second degree. Accordingly, based on the information currently available to the parties, the parties agree that the applicable Sentencing Guidelines calculation is as follows:

1. The November 1, 2021 edition of the Guidelines Manual applies in this case. The offense charged in Count One is governed by U.S.S.G. § 2K2.1.

2. Pursuant to U.S.S.G. § 2K2.1(c)(1)(A), because the defendant used or possessed the firearm in connection with the commission or attempted commission of another offense, to wit, attempted murder in the second degree, U.S.S.G. § 2X1.1 is applied with respect to that other offense, because the resulting offense level is greater than that determined under U.S.S.G. § 2K2.1(a)-(b).

3. Pursuant to U.S.S.G. § 2X1.1(a), the base offense level is determined from the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. U.S.S.G. § 2A2.1 is the guideline for the substantive offense of attempted murder.

4. Pursuant to U.S.S.G. § 2A2.1(a)(2), the base offense level is 27 because the object of the offense would have constituted murder in the second degree.

5. Pursuant to U.S.S.G. § 2A2.1(b)(1)(B), a two-level increase applies because the victim sustained serious bodily injury.

6. Assuming the defendant continues to clearly demonstrate acceptance of responsibility, to the satisfaction of the Government, through his subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. In accordance with the foregoing calculations, the applicable offense level is 26. The defendant has six criminal history points and is therefore in Criminal History Category III. Accordingly, the applicable Sentencing Guidelines range is 78 to 97 months' imprisonment.[1]

Accordingly, the parties respectfully request that the September 21, 2023 *Fatico* hearing be cancelled and that the Court schedule sentencing for any time after November 15, 2023 that is convenient for the Court (to account for defense counsel's trial schedule).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Jacob R. Fiddelman
Assistant United States Attorney
(212) 637-1024

_____
Camille Abate, Esq.
Counsel for Defendant Nykem Alston

---

[1] The parties recognize that the Court is not bound by the above stipulation and that the Court retains discretion to impose a sentence concurrent to, partially concurrent to, or consecutive to the New York State sentences that have been imposed on the defendant in other, unrelated cases. The parties further agree that both parties retain their right to seek a sentence outside of the above Guidelines range, and to seek a concurrent, partially concurrent, or consecutive sentence.